# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**FREDDIE W. TAYLOR**                                                       **PLAINTIFF**

**v.**                                                                    **No. 3:13CV121-D-V**

**PERCY BRAZIL**
**JANIE PUGH**
**OFFICER GOFF**                                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Allegations

At 5:45 a.m. on February 16, 2011, Taylor was shot 4 times with a taser while at the Coastal Service Station in Tunica, Mississippi. Police Officer Goff and the cashier were smoking outside the store and beside Goff's patrol car when Goff asked why Taylor was at the store so early in the morning and why he had his shirt off. Taylor told Goff that he wanted cigarettes and that he had taken his shirt off expecting a fight. Then they both heard a loud noise. Goff called for backup, and Taylor was Tasered by one of the backup officers in the effort to subdue and arrest him. He was arrested and taken to the Tunica County Jail. While Taylor was there, Nurse Janie Pugh told someone that Taylor was dead – and that he had died of syphilis and AIDS. According to Taylor, Officer Percy Brazil removed Taylor's pants while he was restrained. Six days later Taylor was transported to the Mississippi State

---

[1] 28 U.S.C. § 1915(g).

Mental Hospital in Whitfield, Mississippi, where he was diagnosed with a heart condition. Taylor now takes "fluid medicine" for his heart, and he has swelling on his left thigh near his groin. Dr. Brown told Taylor to keep his leg elevated to mitigate the swelling. No one with medical training has told Taylor that his encounter with Goff caused either his leg trouble or his heart trouble.

## Excessive Force

This case presents the court with a claim that a prison official used excessive force against a prisoner in violation of the Fourteenth Amendment. In order to balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order, the Supreme Court has held that to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).

In this case, the defendant police officer Goff saw Taylor in a store without his shirt on. When he asked why he wasn't wearing a shirt, Taylor responded that he was expecting a fight. This would naturally cause a police officer to inquire further. Taylor also testified that he took his shirt off because it was cold – a statement the court cannot understand. In addition, he alleges that Nurse Janie Pugh told others that Taylor had died of syphilis and AIDS. Taylor's allegations regarding Nurse Pugh do not state a valid claim under 42 U.S.C. § 1983. Taylor alleges further that, while he was restrained, Percy Brazil removed Taylor's pants. Such an action does not state a claim for excessive use of force. Taylor testified at the *Spears* hearing that Officer Goff was simply a witness to the events outside the convenience store. Thus, Taylor did not intend Goff to be a defendant in this case.

Therefore, as Taylor has not stated a valid § 1983 claim against either of the two defendants he has named, the instant case should be dismissed with prejudice for failure to state a claim upon which relief

could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 2nd day of April, 2014.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE